UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| LUIS ANTONIO ESCOBAR MARTINEZ,<br><br>              Petitioner,<br><br>        v.<br><br>SECRETARY OF HOMELAND SECURITY, et al,<br><br>              Respondents. | Case No. 5:26-cv-03553-DTB<br><br>**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS** |

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

1

# I.

# PROCEEDINGS[1]

On June 26, 2026, Petitioner, through counsel, filed a second Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 ("Petition"), along with two supporting exhibits. (Docket No. 1). In accordance with the General Order 26-05 (Docket No. 4), on July 6, 2026, Respondents filed an Answer to the Petition ("Answer"), stating that: "Respondents are not presenting an opposition argument at this time. Should the Court enter relief, judgment may be entered, and consistent with the 'expeditious resolution' of § 2241 Immigration Petitions required by the General Order, no more filings or proceedings will be necessary in this matter." (Docket No. 9 at 1-2).[2]

Also on July 6, 2026, Petitioner filed a Reply. (Docket No. 10).

Thus, this matter is now ready for decision. For the reasons set forth below, the Court grants the Petition.

# II.

# BACKGROUND[3]

Petitioner is a native and citizen of Honduras. (Petition at ¶ 8). On August 3, 2021, Petitioner was paroled into the United States under humanitarian parole, with authorized status through September 2, 2030. (Id.).

---

[1] On April 6, 2026, petitioner Luis Antonio Escobar Martinez ("Petitioner"), through counsel, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 in Case No. 5:26-cv-01678-DTB ("First Petition"). (5:26-cv-01678-DTB, Docket No. 1). In accordance with the General Order 26-05 (id., Docket No. 3), on April 13, 2026, Respondents filed a Response to the Petition. (Id., Docket No. 6). Petitioner did not file a Reply and on May 6, 2026, the Court granted the First Petition, entering Judgment. (Id., Docket Nos. 7, 8). Respondents were ordered to provide Petitioner with an individualized bond hearing which he received on May 11, 2026. (Id., Docket No. 9 at 2).

[2] For the parties' pleadings and exhibits, the Court cites to the CM/ECF pagination at the top of each page.

[3] The Background section is taken from the facts alleged in the Petition.

2

Petitioner was placed in removal proceedings and on October 30, 2025, an Immigration Judge of the West Los Angeles Immigration Court granted Petitioner withholding of removal under Immigration and Nationality Act ("INA") § 241(b)(3), 8 U.S.C. § 1231(b)(3), based on his membership in a particular social group as an LGBTQ+ individual from Honduras.  (Id. at ¶ 9).  Neither party appealed the decision, and the withholding grant therefore became final and bars Petitioner's removal to Honduras.  (Id.)

In February 2026, Petitioner was taken into Immigration and Customs Enforcement ("ICE") custody and has remained detained at the Adelanto ICE Processing Center continuously since that time.  (Id. at ¶ 10).

As noted above, in the First Petition, the Court granted Petitioner a bond hearing pursuant to the Maldonado Bautista class judgment and a bond hearing was held on May 11, 2026.  (Id. at ¶ 11).  Petitioner was denied bond based on a finding of flight risk.  (Id.).

Thereafter, Respondents sought to remove Petitioner to Mexico – a third country - without a credible fear screening.  (Id. at ¶ 12).  After Petitioner sought emergency relief, which Respondents did not oppose to the extent Petitioner was seeking a credible fear determination, the Court granted Petitioner's application and ordered Respondents not to remove Petitioner to a third country without first providing him a credible fear screening. (First Petition, Docket Nos. 14 at 2; Docket No. 16).  Thereafter, ICE referred Petitioner to United States Citizenship and Immigration Services ("USCIS") for a Third Country Threat Screening.  (Id.).

On June 4, 2026, USCIS Asylum Officer Naomi Asfaw issued a Third Country Screening Notice finding that Petitioner had established that it was more likely than not that he will be persecuted in Mexico, thereby barring Petitioner's removal to Mexico. (Id. at ¶ 13; Petition Exhibit "A").

3

After receiving the June 4, 2026, Third Country Screening Notice, Petitioner's counsel requested that ICE release Petitioner on an Order of Supervision. (Id. at ¶ 14). On June 5, 2026, ICE Deportation Officer L. Robles responded in writing: "We acknowledge the positive finding for Third Country Screening; however, ERO is not considering release at this time." (Id., Petition Exhibit "B"). Petitioner subsequently filed the instant Petition.

Petitioner contends that Respondents have not identified any country other than Honduras or Mexico to which Petitioner could be removed. (Id. at ¶ 15). Petitioner is a citizen of Honduras alone and has no ties to any third country. (Id.).

Petitioner is married to a United States citizen, Mario Antonio Velasco. (Id. at ¶ 16). As a parolee and immediate relative of a United States citizen, Petitioner is eligible to adjust status to lawful permanent resident under INA § 245(a). (Id.).

### III.

### PETITIONER'S CLAIMS

The Petition claims that his prolonged detention violates 8 U.S.C. § 1231 and Petitioner's right to due process. (Petition at 6-7).

### IV.

### LEGAL AUTHORITY

A writ of habeas corpus is "available to every individual detained within the United States." Hamdi v. Rumsfeld, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." Preiser v. Rodriguez, 411 U.S. 475, 484 (1973). A court may grant a writ of habeas corpus to a petitioner who demonstrates to be in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). Traditionally, "the writ of habeas corpus has served as a means of reviewing the

legality of Executive detention, and it is in that context that its protections have been strongest." I.N.S. v. St. Cyr, 533 U.S. 289, 301 (2001).  A noncitizen in the custody of immigration authorities may bring a writ of habeas corpus pursuant to 28 U.S.C. § 2241 on the grounds of their detention violates the Constitution or other federal laws.  28 U.S.C. § 2241(c)(3); Zadvydas v. Davis, 533 U.S. 678, 687-88 (2001) (federal courts retain jurisdiction to consider habeas relief under Section 2241 for noncitizens subject to detention following an order of removal).

## V.

## DISCUSSION

### A.     Petitioner is Entitled to Habeas Relief.

Given Respondents' election not to oppose the merits of the claims alleged in the Petition, the Court finds that Respondents have consented to the facts and arguments raised therein pursuant to Central District of California Local Civil Rule 7-12.  Accordingly, the Court considers the facts and contentions alleged by Petitioner to be unopposed.[4]

Petitioner alleges that he entered the United States under humanitarian parole on August 3, 2021, with authorized status through September 2, 2030.  Petitioner was placed in removal proceedings and on October 30, 2025, an Immigration Judge granted Petitioner withholding of removal under INA § 241(b)(3), and 8 U.S.C. § 1231(b)(3), based on his LGBTQ+ status.  In February 2026, Petitioner was taken into ICE custody and has remained detained at the Adelanto ICE Processing Center continuously since that time.  After the filing of his First Petition, Petitioner was provided with an individualized bond hearing and was denied bond based on a finding of flight risk.  Respondents subsequently sought to remove Petitioner to a

---

[4]     Respondents' non-opposition, in itself, can serve as a basis to grant the Petition.  See Orozco v. Warden, Adelanto Detention Facility, et al., Case No. 5:26-cv-02385-BFM, 2026 WL 1390443, at *1 (C.D. Cal. May 14, 2026) (citing cases).

third country, Mexico, however, on June 4, 2026, USCIS issued a Third Country Screening Notice finding that Petitioner established it is more likely than not that he will be persecuted in Mexico if he was removed to that country. Accordingly, Petitioner is barred from removal to Mexico on this basis. Thus, removal to Honduras has been withheld, removal to Mexico is barred, and Respondents have not identified any other option for Petitioner's removal. Petitioner therefore contends that his detention has become indefinite and unconstitutional. (Petition at ¶¶ 8-16).

       1.     Relevant Legal Authority.

Generally, the INA allows the government to detain noncitizens during immigration proceedings. A noncitizen who has been ordered removed, such as Petitioner, shall be removed by the Department of Homeland Security within 90 days of such order (8 U.S.C. § 1231(a)(1)(A)), and during the 90-day removal period, the noncitizen must be detained. Id. However, if the government fails to remove the noncitizen during this initial 90-day period, further detention is only authorized under the statute if the noncitizen is (1) "inadmissible" under certain grounds, (2) "removable" as a result of violations of status requirements or entry conditions, violations of criminal law, or reasons of security or foreign policy, or (3) has been "determined by the attorney general to be a risk to the community or unlikely to comply with the order of removal." 8 U.S.C. § 1231(a)(6); see also Zadvydas, 533 U.S. at 682 (the government "may" continue to detain noncitizen after expiration of 90-day removal period or release them under supervision). Otherwise, the noncitizen must be released subject to an order of supervision. 8 U.S.C. § 1231(a)(6).

/ / /

/ / /

6

In Zadvydas, 533 U.S. at 689, the Supreme Court held that a noncitizen may be detained pursuant to Section 1231(a)(6) only for "a period reasonably necessary to bring about that [noncitizen's] removal from the United States." The court specifically found that Section 1231(a)(6) "does not permit indefinite detention." Id. Accordingly, the court interpreted the statute to find that a six-month period of detention following an order of removal was "presumptively reasonable." Id. at 701. When detention exceeds the presumptively reasonable period of six months, the noncitizen must show that there is "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." Id.; see also Diouf v. Mukasay, 542 F.3d 1222, 1223 (9th Cir. 2008) (quoting same). If the noncitizen satisfies their initial burden, the government must then "respond with evidence sufficient to rebut that showing." Zadvydas, 533 U.S. at 701. If the government fails to do so, continued detention is unreasonable and therefore is no longer authorized by statute, and the noncitizen must be released. Jennings v. Rodriguez, 583 U.S. 281, 299 (2018) (citing Zadvydas, 533 U.S. at 701).

2.      Analysis.

In the Petition, Petitioner alleges that he has been in immigration custody since February 2026. (Petition at ¶ 10). As noted, Respondent does not dispute Petitioner's allegation, or the Petition generally. Thus, Petitioner has been detained for approximately five months.

In Zadvydas, the Supreme Court recognized that Section 1231(a)(6) provides a presumptively-reasonable six month period of detention following a noncitizen's final order of removal. 533 U.S. at 701. However, the Supreme Court later clarified its holding in Zadvydas, explaining that the presumption "is just that – a presumption," Clark v. Martinez, 533 U.S. 678, 682 (2001) (O'Connor, J. concurring), and may be rebutted if the petitioner demonstrates that the length of

7

their post-removal period is "[in]consistent with the purpose of effectuating removal." Id. at 384. See Trinh v. Honan, 333 F.Supp.3d 984, 994 (C.D. Cal. 2018).

As with any presumption, the Zadvydas presumption "can be rebutted only by contrary evidence." Godoy v. Spearman, 861 F.3d 956, 965 (9th Cir. 2017). Accordingly, a habeas petitioner challenging Zadvydas' presumptively reasonable six month period must show that their removal is not reasonably foreseeable. Riveros Cadavid v. Dep't Homeland Sec. Case No. EDCV26-01805-KK-DTBx, 2026 WL 1105032, at *3 (C.D. Cal., April 17, 2026) (citing Munoz-Saucedo v. Puttman, 789 F.Supp.3d 387, 395 (D.N.J. 2025)).

Numerous courts have granted Zadvydas relief before six months when the petitioner provides clear evidence showing that removal is not reasonably foreseeable. See, e.g., Riveros Cadavid, 2026 WL 1105032 (C.D. Cal. April 15, 20260 (granting habeas relief to a petitioner who had been detained for over four months and could not be removed to Columbia, and where Respondents had identified no third country for alternative removal); Ndandu v. Noem, No. 3:25-CV-02939-RBM-MSB, 2026 WL 25848, at *4–6 (S.D. Cal. Jan. 5, 2026) (granting habeas to a petitioner who was detained for less than six months because he could not be moved to his country of origin, removals to third countries are historically rare, and Mexico, the only country ICE identified, declined to accept him); Tumasov v. Doe 1, No. 26CV590-LL-DEB, 2026 WL 458146, at *3–4 (S.D. Cal. Feb. 18, 2026) (granting habeas to a petitioner who was detained for less than four months after the removal order became final because ICE had not yet identified any country that would accept petitioner).

/ / /

/ / /

/ / /

Here, the Court finds that Petitioner has shown by clear evidence that his removal is not reasonably foreseeable, and therefore his continued detention is inconsistent with the purpose of effectuating his removal. Clark, 533 U.S. at 384. It is undisputed that Petitioner cannot be removed to either Honduras or Mexico, and Respondents have made no argument – much less shown – that Petitioner's removal is reasonably foreseeable or even possible. Indeed, Respondents elected not to oppose the Petition, which is an indication that they do not have a plan for Petitioner's removal. On these facts, Petitioner has shown that his continued detention violates both 8 U.S.C. § 1231(a)(6) and the Due Process Clause of the Fifth Amendment, as Petitioner's removal does not appear reasonably foreseeable.

Accordingly, the Court finds Petitioner has rebutted the presumption that his continued detention is reasonable, and that his detention has become unlawful and unconstitutionally prolonged. Habeas relief is therefore warranted, and the Petition is granted.

## V.

### CONCLUSION

IT THEREFORE IS ORDERED that: (1) Judgment be entered granting the Petition; and (2) that a writ of habeas corpus be issued (a) requiring Respondents to immediately release Petitioner Luis Antonio Escobar Martinez (A# 220-458-648) from custody, subject to the same conditions (if any) that he was subject to at the time he was arrested and re-detained, (b) ordering Respondents to return all property confiscated from Petitioner during his arrest and processing into detention; (c) enjoining Respondents and their officers, agents, employees, attorneys and persons acting on their behalf in concert or in participation with them, from re-detaining Petitioner without notice and a pre-detention hearing before a neutral arbiter at which the government bears the burden of proving that Petitioner is a flight risk or danger

to the community; and (d) ordering Respondents to file a status report within two (2) business days to confirm that Petitioner has been released from custody pursuant to this Order.

DATED: July 9, 2026

_____
DAVID T. BRISTOW
UNITED STATES MAGISTRATE JUDGE

10